Mark R. Vermeulen [CSBN 115381]
Law Office of Mark R. Vermeulen
755 Florida Street #4
San Francisco, CA 94110.2044
Phone: 415.824.7533
Fax: 415.824.4833

Attorney for Defendant
DWIGHT GILCHRIST

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR 06-0538 SI |
| Plaintiff, ) | |
| v. ) | STIPULATON AND PROTECTIVE ORDER RE: PRODUCTION OF CONTACT INFORMATION FOR WITNESSES |
| DWIGHT GILCHRIST, ) | |
| Defendant. ) | |

Plaintiff and defendant, through their attorneys of record, hereby stipulate as follows:

1. The charges in this case involve allegations under 18 U.S.C. § 1344(1) & (2) (bank fraud) and 18 U.S.C. § 656 (embezzlement of bank funds). The Government alleges that some or all of the alleged acts were committed by means of identity theft and, as a result, the Government believes that the proposed protective order is necessary to prevent certain information from being disseminated to the defendant. Specifically, the Government wishes not to disclose to the defendant certain contact information concerning various witnesses in this case. For that reason, the initial discovery produced to defense counsel (particularly the FBI-302 reports) redacted witness contact information that the Government had obtained and included in the unredacted reports.

2. Defendant and his counsel deny that any person would be endangered or harmed by the defendant's possession of the information. The parties agree that no inference should be drawn about defendant's actions or motives because of their agreement to enter into this stipulation.

3. The parties agree that the following conditions, if ordered by the Court, should serve the Government's interests while permitting the defense to obtain discovery necessary to effectively prepare the case. Accordingly, the parties jointly request that the Court order as follows:

 a. For purposes of this Order, the term "defense team" refers to counsel for the defendant, paralegals assisting counsel with this case, and defense investigators assisting counsel with this case. For purposes of this Order, the term "defense team" does <u>not</u> include the defendant.

 b. The Government is authorized to provide to the defense team unredacted copies of the discovery documents and materials which disclose to the defense team the contact information for the witnesses. This contact information shall not include items such as driver's license numbers and social security numbers, which information shall remain redacted unless otherwise agreed by the parties. The Government may designate these unredacted discovery documents and materials as "Confidential Discovery" to be governed by the terms of this protective order.

 c. The defense team shall not permit anyone, including defendant, to view or have physical possession of Confidential Discovery pursuant to this Order other than the defense team.

 d. The defense team shall not permit Confidential Discovery provided pursuant to this Order to be outside of the defense team's offices, homes, vehicles or personal presence.

 e. In the event that defendant's counsel believes that an item identified as Confidential Discovery covered by this protective order needs to be disclosed to the defendant, defendant's counsel shall first meet and confer with the Government in an effort to reach a stipulation and proposed order to exempt the item from the protective order. If the Government and defendant's counsel are unable to reach such an agreement, then defendant's counsel may apply to this Court for relief from the protective order as to the item at issue. This procedure is not intended to alter in any way the otherwise applicable law relating to the showing that must be made by any party seeking a

protective order or relief therefrom.

IT IS SO STIPULATED.

Dated: December 5, 2006           /S/ Mark R. Vermeulen
                                  Mark R. Vermeulen
                                  Attorney for Defendant
                                  DWIGHT GILCHRIST

Dated: December 5, 2006           Kevin V. Ryan
                                  United States Attorney

                                   /S/ Stacey P. Geis
                                  Stacey P. Geis
                                  Assistant United States Attorney

### ORDER

Based on the foregoing, and good cause appearing, IT IS HEREBY ORDERED that the Government is authorized to disclose discovery to the defense and may designate discovery to be governed by this protective order as Confidential Discovery.

IT IS FURTHER ORDERED that the parties shall comply with the conditions set forth in paragraphs 3(a)-(e) of this stipulation and order.

IT IS SO ORDERED.

Dated: December ___, 2006
                                  _____
                                  SUSAN ILLSTON
                                  United States District Judge