IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>   v.<br><br>DWIGHT GILCHRIST,<br><br>   Defendant.<br>_____ / | No. C 06-00538 SI<br><br>**ORDER DENYING MOTION FOR BAIL PENDING APPEAL** |

On December 9, 2010, the Court heard argument on defendant Dwight Gilchrist's motion for release pending appeal. Having considered the arguments of counsel and the papers submitted, the Court hereby DENIES defendant's motion.

**BACKGROUND**

Dwight Gilchrist entered an "open" guilty plea to all 18 counts in the indictment against him, which related to an embezzlement scheme and a "check-knitting" scheme that he perpetrated while working at Wells Fargo. Mr. Gilchrist has filed an appeal that challenges the Court's imposition of a two-level obstruction of justice enhancement under U.S.S.G. § 3C1.1 (2000 version). The obstruction of justice enhancement was added because Mr. Gilchrist committed perjury during a lawsuit he filed against Wells Fargo in which he falsely claimed to be a fraud victim on two of the fraudulent bank transactions to which he pled guilty. The perjury occurred during a November 2001 deposition. Wells Fargo had reported defendant's fraudulent activities to the FBI, which opened its investigation five months before Mr. Gilchrist's deposition, in June 2001.

After including this two-level enhancement, the Guidelines range came to 21–27 months.

Without the two-level enhancement, the Guidelines range would have come to 15–21 months. Mr. Gilchrist was sentenced to 25 months in custody, five years supervised release, and $65,250 in restitution. He voluntarily surrendered on September 4, 2009. His projected release date is June 25, 2011. Def. Br. Ex. A. The full term release date is October 1, 2011. During the pendency of his case before this Court, Mr. Gilchrist had been released on a $100,000 unsecured bond.

Mr. Gilchrist first filed this motion in the Court of Appeals, which denied the motion "without prejudice to renewal, if necessary, following presentation of the motion to the district court." App. Doc. 37 (Oct. 15, 2010). Mr. Gilchrist's appeal is scheduled for oral argument on January 11, 2011.

**LEGAL STANDARD**

Where a defendant is convicted and sentenced to prison, the district court is required to detain the defendant pending appeal unless he can show: (1) by clear and convincing evidence that he does not pose a flight risk or danger to the community; (2) the appeal is not for purposes of delay; and (3) the appeal raises a substantial issue of law that is likely to result in (among other things) reversal, an order for new trial on all counts for which he received a sentence of imprisonment, or a reduced sentence to a term of imprisonment "less than the total time already served plus the expected duration of the appeal process." 18 U.S.C. § 3143(b). The burden is on the defendant to overcome the presumption that he should be detained while his appeal is pending. *United States v. Montoya*, 908 F.2d 450, 451 (9th Cir. 1990). This requires more than a mere identification of an issue that is non-frivolous. *Id.* at 450.

Rather, in discussing the third prong of the test, the Ninth Circuit has explained that a "substantial question" is one that is "fairly debatable" or "fairly doubtful." *United States v. Handy*, 761 F.2d 1279, 1283 (9th Cir. 1985). In a case where the appeal challenges the underlying conviction, the Ninth Circuit has held that "[l]ikely to result in reversal" means that if the substantial question is determined favorably to the defendant on appeal, that decision is likely to result in reversal or an order for a new trial. *Id.* The Ninth Circuit has not addressed the meaning of "likely to result in . . . a reduced sentence."

"If the judicial officer makes" the findings required by Section 3143(b), "the judicial officer shall order the detention terminated at the expiration of the likely reduced sentence." 18 U.S.C. §3143(b).

2

**DISCUSSION**

The only disagreement between the parties is whether Mr. Gilchrist's appeal raises a substantial question of law, and whether it is likely to result in a sentence "less than the total time already served plus the expected duration of the appeal process." 18 U.S.C. § 3143(b).[1]

**I.   Substantial question of law**

In relevant part, Section 3C1.1 of the 2000 Guidelines states,

> [i]f (A) the defendant willfully obstructed or impeded . . . the administration of justice with respect to the investigation, prosecution, or sentencing of the instance offense of conviction, and (B) the obstructive conduct related to (i) the defendant's offense of conviction and any relevant conduct . . . , increase the offense level by 2 levels.

Three circuits have held that the enhancement requires misconduct to occur "with knowledge of an investigation, or at least a correct belief that an investigation is probably underway." *United States v. Oppendahl*, 998 F.2d 584, 586 (8th Cir. 1993) ("It would be anomalous for the Sentencing Commission to direct that sentences be enhanced for threatening conduct during the course of a totally unknown investigation, while providing that similarly culpable conduct would not result in an enhancement if there were no investigation."); *see also United States v. Brown*, 237 F.3d 625, 628 (6th Cir. 2001) ("Logically, Brown's actions cannot have been willful unless he had some idea that he was being investigated. Otherwise, the adjustment would serve no deterrent purpose."); *United States v. Lister*, 53 F.3d 66, 71 (5th Cir. 1995) ("[W]e find that the obstruction of justice enhancement involves both a temporal requirement and an awareness requirement . . . ."). Although the Ninth Circuit has not addressed this question, it has held, in another context, that Section 3C1.1 contains a mens rea

---

[1] The government has also objected that Mr. Gilchrist is filing this motion now. However, because the motion is based on the fact that Mr. Gilchrist has now completed the prison sentence that he believes he should have received, it was filed at an appropriate time. The government also suggests that Mr. Gilchrist should just have raised this issue at oral argument. The Ninth Circuit, however, has already ruled that he must seek this relief first in the district court.

3

requirement. *United States v. Lofton*, 905 F.2d 1315, 1316–17 (9th Cir. 1990).[2] And it has held that the Section is inapplicable where a defendant's conduct occurred before an investigation has begun. *See, e.g., United States v. DeGeorge*, 380 F.3d 1203, 1222 (9th Cir. 2004) (holding that the enhancement did not apply to perjury committed during a civil suit between a defendant and his insurance company, where the criminal investigation of the defendant's mail fraud did not begin until after the civil suit ended); *but see United States v. Yip*, 592 F.3d 1035, 1042 (9th Cir. 2010) (holding an IRS audit may constitute an investigation for the purposes of § 3C1.1).

Two circuits, however, have explicitly rejected the "awareness" rule. *See United States v. Martin*, 287 F.3d 609, 618–19 (7th Cir. 2002) (Section 3C1.1 requires neither knowledge nor belief that an investigation is under way); *United States v. Jenkins*, 275 F.3d 283, 287–88 (3d Cir. 2001) ("The term 'awareness' does not appear in U.S.S.G. § 3C1.1.").

The government argues that the Section 3C1.1 only requires willfulness to the extent that it requires the defendant to know that his testimony is false. However, the only binding authority that the government cites are cases where the perjury or other false statements were made during the course of the criminal prosecution itself, where the question of awareness of a proceeding or investigation would never have arisen. *See United States v. Dunnigan*, 507 U.S. 87, 89 (1993) (defendant committed perjury at trial); *United States v. Codova Barajas*, 360 F.3d 1037, (9th Cir. 2004) (same); *United States v. Allen*, 341 F.3d 870, 896–97 (9th Cir. 2003) (same); *United States v. Christman*, 894 F.2d 339, 342 (9th Cir. 1990) (knowingly false statement to probation officers preparing presentence report); *see also United States v. Lincecum*, 220 F.3d 77, 79–80 (2d Cir. 2000) (false statements in affidavit supporting motion to suppress).

Mr. Gilchrist's appeal urges the Ninth Circuit to adopt the "awareness" rule, and therefore, under

---

[2]
> Sentencing Guidelines 3C1.1 contains a clear *mens rea* requirement that limits its scope to those who "willfully" obstruct or attempt to obstruct the administration of justice. The meaning of "willful" is often determined by its context. As applied by section 3C1.1, the term "willfully" requires that the defendant "consciously act with the purpose of obstructing justice." Therefore, mere continuous criminal activity while awaiting sentencing, without more, is insufficient to justify a section 3C1.1 obstruction of justice enhancement.

*United States v. Lofton*, 905 F.2d 1315, 1316–17 (9th Cir. 1990) (citations omitted).

4

the rule articulated in *United States v. Handy*, it raises a substantial question of law.

## II.     Likely to result in a sentence

Mr. Gilchrist argues that he would benefit from the adoption of such a holding because of the lack of evidence that he "subjectively" knew of the existence of any proceeding or investigation. The only evidence, he states, is that there was a temporal connection between the start of the criminal investigation and the administrative proceedings that he himself initiated. Mr. Gilchrist points out that his 25 month in custody sentence is at the top end of the middle of the 21-27 month Guidelines range. He argues that his likely sentence without the two-point enhancement would be 18 months—the top end of the middle of the new 15-21 month Guidelines range—which would make him eligible for release from custody now. Even if the new sentence were at the top of the new Guidelines range (21 months), he would now be eligible for release to a halfway house.

The government argues that Mr. Gilchrist's "very serious misconduct in filing a bogus lawsuit and lying under oath would still justify a 25-month sentence under 18 U.S.C. § 3553(a) regardless of whether that conduct squarely fits within the strictures of § 3C1.1."

As discussed above, the Ninth Circuit has interpreted the 18 U.S.C. § 3142(b)'s words "likely to result in . . . reversal . . . [or] an order for a new trial." Likely to result in reversal means that if the substantial question is determined favorably to the defendant on appeal, that decision is likely to result in reversal or an order for a new trial. *Handy*, 761 F.2d at 1283. But neither the Ninth Circuit nor any other appellate court has interpreted the words "likely to result in . . . a reduced sentence." These words are significantly less amenable to an objective test, as the district court has considerable discretion while resentencing, which an appellate court lacks when deciding whether or not a mistake of law requires reversal or an order for a new trial. Moreover, it is exceedingly complicated for a district court to assess what a likely new sentence will be, as an entirely new sentencing process must occur, and it is not even clear what information the district court is permitted to consider upon resentencing. *See Pepper v. United States*, 130 S. Ct. 3499 (2010) (granting petition for certiorari to answer questions regarding the appropriate limitations on resentencing considerations, including evidence of post-sentencing rehabilitation).

5

Almost every district court to consider the question has asked what sentence that district court would be likely to impose if the defendant were successful on appeal, based on the information in the possession of the district court at the time of the motion. *See United States v. Dison*, Criminal No. 07-50072-04, 2008 WL 924941, * 1 (W.D. La. 2008) ("Based on this [court's] prior ruling, in which the court departed below the guideline range, it is likely that the court would have sentenced Dison to the low end of the applicable guideline range under [the section Dison believes should have been applied]."); *United States v. Howe*, No. 3:99CR235 (EBB), 2005 WL 233826, * 1 & n.1 (D. Conn. 2005) (denying motion where substantial question of law was raised, but where "[t]he court stated on the record . . . that . . . it was sentencing the defendant without the constraint of the guidelines and, irrespective of how the *Blakely* issue might be resolved, the sentence would be the same"); *United States v. Goodson*, No. CRIM. 96-207-002, 2000 WL 680278, * 6 (E.D. La. May 20, 2000) (explaining that the motion fails "unless the Court would impose a sentence at the bottom of the Guideline range, which it would not do, given the seriousness of the offense conduct"); *United States v. Baum*, 785 F. Supp. 570, 572, 573 n.3 (E.D. Va. 1992) (stating, where the initial sentence had been at bottom of range, that "based upon defendant's presentence report and the record in this case, the court would impose a sentence of at least six months, at the top of this range"). *But see United States v. Tyler*, 324 F. Supp. 2d 69, 69 (D. Me. 2004) (considering only the different Guidelines ranges without discussing how the court would be likely to resentence).

There is no doubt that Mr. Gilchrist has raised a substantial question of law regarding the "awareness" rule, which may cause him to prevail on appeal. If Mr. Gilchrist prevails, the case will be remanded for resentencing, as there is no harmless error analysis when it comes to sentencing error, as the Ninth Circuit has recently reaffirmed. *See United States v. Rivera-Gomez*, --- F.3d ----, 2010 WL 4925446, * 5 n.9 (9th Cir. 2010) ("Though the concurrence observes that the district court's error may have been harmless, we have previously interpreted Supreme Court precedent as having 'effectively overruled' harmless error review in a case such as this one."); *United States v. Munoz-Camarena*, 621 F.3d 967, 970 (9th Cir. 2010) ("Because a district court must start with the recommended Guidelines sentence, adjust upward or downward from that point, and justify the extent of the departure from the Guidelines sentence, we cannot say that the district court's incorrect application of the eight-level

6

enhancement was harmless." (citation omitted)).  The remand order might order resentencing without the two-level enhancement, or it might order the Court to make a factual determination regarding the question of awareness.

In either event, based on the information currently in the Court's possession, and acknowledging that any new sentence would be imposed only after a new sentencing hearing, the Court believes that Mr. Gilchrist would be likely to receive the same sentence.  Mr. Gilchrist's perjury very much increased the seriousness of his ongoing embezzlement and "check-knitting" schemes.  If sentencing Guidelines do not account for the perjury—which occurred during an administrative process that Mr. Gilchrist himself initiated to deflect suspicion away from him—then the Guidelines will not have accounted for the seriousness of the offense.  In that case, the Court is likely to impose an above-Guidelines sentence, in accordance with 18 U.S.C. § 3553(a)'s instructions for the Court to consider the need for the sentence imposed to to reflect the seriousness of the offense.  Therefore, it is not likely that Mr. Gilchrist's appeal, even if successful, will result in a lower term of imprisonment.[3]

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby DENIES defendant's motion for bail pending appeal.

**IT IS SO ORDERED.**

Dated:  December 21, 2010

SUSAN ILLSTON
United States District Judge

---

[3] While Mr. Gilchrist's *current* sentence may well expire during "the expected duration of the appeal process," that is simply coincidence, and not something that the bail statute is concerned with.  The Court need not take any additional measures to account for this possibility, as the Bureau of Prisons calculates release eligibility without regard for the status of a defendant's appeal.